BOROUGH BANK OF BROOKLYN v. ROSENSWEIG et ux.

(Supreme Court, Appellate Division, Second Department. November 24, 1911.)

1. BANKS AND BANKING (§ 80*)—ASSIGNMENT OF CLAIM—INSOLVENCY—EFFECT.

Where defendant purchased a claim against a bank to which he was indebted, and the bank passed into the hands of a receiver, the assignment of the claim did not give defendant the right to have the same applied on his note to the bank pending the receivership; but the bank having resumed business, and the deposit having remained intact, defendant was then entitled to have the assigned deposit credited against his indebtedness, subject to the bank's right to deduct therefrom any debt owing to it by the assignor.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 80.*]

2. BANKS AND BANKING (§ 227*)—INSOLVENCY—ASSIGNED CLAIMS—BURDEN OF PROOF.

Where a bank depositor assigned his claim to defendant, who claimed the right to offset it against his indebtedness to the bank, which also claimed the right to offset an alleged indebtedness against the assignor, the burden was on the bank to prove the amount of the assignor's indebtedness.

[Ed. Note.—For other cases, see Banks and Banking, Dec. Dig. § 227.*]

Appeal from Municipal Court, Borough of Brooklyn, Sixth District.

Action by the Borough Bank of Brooklyn against Abraham Rosensweig and wife. From a Municipal Court judgment for defendants, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and WOODWARD, JJ.

Jeremiah T. Mahoney and Vincent L. Leibell, for appellant.
Meyer London, for respondents.

THOMAS, J. The defendants are husband and wife. On March 9, 1910, the husband made his promissory note for $610, payable to himself. Thereupon he and his wife indorsed it, and the same was delivered to the plaintiff in renewal of a note for existing indebtedness. On January 10, 1911, the holder applied thereon $143.78, the amount of the maker's deposit with the bank, and this action is brought to recover the balance, $467.47, with $35.30 interest. The defense is that the note is without consideration, and that the plaintiff held moneys of the maker applicable to it, and he interposes a counterclaim for excess of payment. The defense is based upon the con-

tention that the maker was the assignee of the interest of one Jaret on account of an unpaid deposit with plaintiff in the sum of $540.21, and that the sum, together with interest paid after the filing of the assignment with the plaintiff, would make an excess payment of $131.25, which is the subject of the counterclaim. The plaintiff answers this by the contentions that Jaret assigned his deposit while the plaintiff was in the hands of a receiver, and that it was not—could not be—accepted as an offset to defendant's note, and that, in addition, Jaret's deposit was to the extent of $250 applicable to the payment of a note indorsed by Jaret, and that it was so applied; that the plaintiff resumed business, and later came again into the hands of a receiver, where it now is; that Jaret revoked the assignment to the defendant, and, upon notice by the receiver of deposit credited to him, proved his claim therefor. The plaintiff's further contention, that Jaret did not duly assign the deposit, does not accord with the duplicate written assignment (Exhibit 1), with the evidence that the other copy was filed at its date with Thompson, the manager at the plaintiff's banking office, with the concurrent conversation with him, with the defendant's evidence as to the consideration for the assignment, with Thompson's testimony of a receipt of the assignment, with the minute noted opposite the Jaret account, or with Jaret's testimony that he made the assignment.

[1] The first question is: What interest did the assignment carry to the assignee? It did not give him the right to have it applied on the note pending the receivership. But the plaintiff resumed business, and the deposit remained intact, and, subject to any just right of application to Jaret's indebtedness, became the property of the assignee, unless the parties to the assignment agreed to cancel it. Jaret gave evidence tending to show that the parties did agree that the assignment should be returned to the assignor, which Rosensweig denied. The court has dismissed the complaint, and thereby presumably found that Rosensweig was entitled to the benefit of the assignment, and the dismissal of the counterclaim is not necessarily inconsistent therewith. If Rosensweig was entitled to the application of the deposit on the note, the next inquiry is whether the right was subject to the deduction of Jaret's indebtedness. The evidence does not show when the note indorsed by Jaret was due.

[2] The plaintiff, claiming the lien, was bound to establish it by showing the due date of the note. It is true that the claim was made at the time of the first presentation of the assignment, but it was not substantiated by proof. Hence the court was justified in finding that the lien did not exist. It is true that the defendant continued paying on his indebtedness and renewing notes therefor to the time of giving the note in suit; but he states that he also continued to assert his rights under the assignment, and so the matter stood at the date of the second receivership. Therefore the defendants were entitled to offset the Jaret deposit. The amount claimed by plaintiff is $502.77, which is more than met by the amount of the Jaret deposit, $540.21. The plaintiff has been overpaid, and, although the counterclaim for the excess has not been allowed, the defendant has not appealed.

The judgment should be affirmed, with costs. All concur.